UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH THOMPSON (#109223)                        CIVIL ACTION

VERSUS

ANTHONY McCOY, EMT                              NO. 08-0291-FJP-CN

NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, January 15, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH THOMPSON (#109223)                                CIVIL ACTION

VERSUS

ANTHONY McCOY, EMT                                      NO. 08-0291-FJP-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendant's motion to dismiss, rec.doc.no. 11.  This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Emergency Medical Technician Anthony McCoy.  The plaintiff complains that his constitutional rights were violated on August 10, 2007, as a result of the defendant's deliberate indifference to the plaintiff's serious medical needs, notably through the defendant's failure to provide appropriate care when the plaintiff complained of experiencing an asthma attack.

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short

and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, ___ U.S. ___, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se

Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

Initially, it is unclear from the plaintiff's Complaint whether he has named the defendant in the defendant's individual and/or his official capacity. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendant in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendant in the defendant's official capacity.

Turning to the plaintiff's claim against the defendant in the defendant's individual capacity, the plaintiff alleges in his Complaint that he is a chronic asthma sufferer and that on August 10, 2007, he began to experience an asthma attack. When his prescribed inhaler failed to alleviate his symptoms, he declared himself a medical emergency, at which time he was seen by the defendant medical technician, Anthony McCoy. According to the plaintiff, the defendant "briefly listened to plaintiff's breathing"

and then left without checking the plaintiff's blood pressure or pulse rate. Instead, the defendant merely instructed the plaintiff to fill out a sick-call request form. Several hours later, when the shift changed, the plaintiff was still experiencing symptoms, at which time he again requested medical assistance and, this time, was treated on the scene by EMS personnel and escorted by ambulance to the prison infirmary, where he was allegedly treated for several hours to relieve symptoms and to lower his blood pressure and heart rate. The plaintiff asserts that the actions of EMT McCoy in refusing treatment on August 10, 2007, were willful, deliberate and malicious, and that the actions of the defendant jeopardized the plaintiff's life and caused needless pain and suffering in violation of the Eighth Amendment.

In response to the plaintiff's allegations, the defendant raises the defense of qualified immunity. Specifically, the defendant contends that the plaintiff has failed to allege conduct on the defendant's part which violated the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct

violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>. <u>Id.</u>

Undertaking the <u>Saucier</u> analysis, the Court concludes that the defendant's motion is well-taken, and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.

Pursuant to well-established legal principles, in order for an inmate to state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); <u>Johnson v. Treen</u>, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) <u>supra</u>; <u>Woodall v. Foti</u>, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, unsuccessful medical treatment or even medical malpractice give rise to a § 1983 cause of action.

Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Based upon the foregoing, it appears clear that although the plaintiff was not satisfied with the medical care which he received on August 10, 2007, his complaints were nonetheless ultimately attended to and were not ignored. Specifically, the plaintiff concedes that when he complained of an asthma attack on that date, he was attended by the defendant medical technician who in fact listened to the plaintiff's breathing and apparently determined that the plaintiff's condition was not so severe at that time as to warrant a trip to the prison infirmary. While this determination on the defendant's part may have been erroneous, may have been negligence, may even have been medical malpractice, this is not the criteria utilized by the Court in determining liability under § 1983. Rather, as stated above, the test is whether the defendant intended to cause the plaintiff harm or knew that harm was substantially certain to follow from the defendant's actions. The plaintiff's mere unilateral belief that the defendant's conduct was willful or malicious is not determinative. The plaintiff does not allege, for instance, that the defendant made any statements evidencing a desire to cause the plaintiff harm or suffering, or any

intent to ignore a perceived serious medical condition.  All that the plaintiff alleges is that the defendant medical provider listened to the plaintiff's breathing and then departed the scene.  In the Court's view, this is an insufficient allegation upon which to base constitutional liability.  The plaintiff concedes that he received medical treatment within several hours of the incident complained of, and he does not allege that he suffered any permanent or continuing complaints arising from the brief delay in treatment on the referenced date.  In short, it appears from the plaintiff's own admissions that his medical condition was not ultimately ignored on August 10, 2007, and the Court is unable to conclude that defendant McCoy was deliberately indifferent to the plaintiff's serious medical needs.  To the contrary, the most which may be inferred from the plaintiff's allegations is that the defendant's conduct amounted to negligence or medical malpractice which is not a cognizable claim under § 1983.  <u>Oliver v. Collins</u>, 904 F.2d 278 (5th Cir. 1990); <u>Thompkins v. Belt</u>, 828 F.2d 298 (5th Cir. 1987).  Accordingly, the Court concludes that there is no factual or legal basis for the imposition of liability against defendant McCoy on the plaintiff's claim and that the defendant's motion should be granted.

Finally, the plaintiff also seeks to invoke the supplemental jurisdiction of this court.  District courts, however, may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims over which the district

court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendant's motion to dismiss, rec.doc.no. 11, be granted, dismissing the plaintiff's claims against the defendant, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, January 15, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**